United States District Court
Southern District of Texas

**ENTERED**
July 22, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Zenaida Molina Perdomo, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-5707 |
| | § | |
| Markwayne Mullin, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

In the past two years, alien habeas petitions have proven legion in federal district courts. Nearly all express a variant of the same fact pattern: the petitioner has allegedly been detained pending removal without adequate process or justification. Naturally, the detainees seek release from custody.

Petitioner, however, demands a very different form of redress. Having already been deported, Petitioner now asks not to be released from immigration custody, but to be returned to it (or at least delivered from what she characterizes as "constructive custody" in Mexico). *See* Doc. 1 ¶ 5. Such relief is unavailable in habeas. Moreover, because Petitioner was no longer in immigration custody when she filed the Petition, the Court lacks jurisdiction over her claims. The Petition is therefore DISMISSED WITH PREJUDICE.

\* \* \*

Petitioner Zenaida Molina Perdomo is a native and citizen of Honduras. Doc. 1 ¶ 7. She alleges that in 2011, she was granted withholding of removal to Honduras that remains in effect. *Id.* ¶ 9. On July 2, 2026, she was detained by the Department of Homeland

Security. *Id.* ¶ 12. A mere two weeks later, DHS deported her to Mexico on July 17. *Id.* ¶ 13. Petitioner, however, alleges that she expressed an explicit and unambiguous fear of persecution if removed to Mexico immediately before she was deported, which she claims should have triggered additional pre-removal process. *Id.* ¶ 13. Petitioner has since filed a Petition for Writ of Habeas under 28 U.S.C. § 2241, Doc. 1; Motion for Temporary Restraining Order, Doc. 3; Emergency Motion, Doc. 4; and Notice of Emergency Supplement, Doc. 6, arguing that her removal violated (i) substantive due process; (ii) procedural due process; (iii) the Immigration and Nationality Act and its implementing regulations; and (iv) the Administrative Procedures Act.[1]

Because the Court lacks jurisdiction over the Petition, the Court need not address these individual challenges. A person held "in custody in violation of the Constitution or laws or treaties of the United States" can seek relief through issuance of a writ of *habeas corpus*. 28 U.S.C. § 2241(c)(3). As the statutory language suggests, the writ exists only "to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). In other words, "habeas is not a generally available federal remedy for every violation of federal rights." *Zalawadia v. Ashcroft*, 371 F.3d 292, 299 (5th Cir. 2004) (internal quotations and citation omitted). Instead, the petitioner "must be *in custody* at the time he

---

[1] The Petition does not specify whether Petitioner argues her detention without a bond hearing violates substantive or procedural due process. *See* Doc. 1 ¶¶ 62–63. The Court assumes that Petitioner intends to raise due both due process challenges.

files his petition" for federal habeas jurisdiction to lie under Section 2241. *See Zolicoffer v. United States Department of Justice*, 315 F.3d 538, 540 (2003) (emphasis added); *Zalawadia,* 371 F.3d at 297 (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). And where petitioners demand unorthodox forms of relief through the writ—such as through condition-of-confinement claims—the Fifth Circuit has "adopted a simple, bright-line rule." *Carson v. Johnson*, 112 F.3d 818, 820-821 (5th Cir. 1997). "If a favorable determination would not automatically entitle the [petitioner] to accelerated release, the proper vehicle is a § 1983 suit." *Id.* (adopting alterations and internal quotations and citation omitted).

Here, Petitioner concedes that she filed the Petition after she was removed to Mexico on July 17. *See* Doc. 1 ¶ 2. Because she was not in custody when she filed the Petition, the Court lacks jurisdiction to adjudicate her claims under 8 U.S.C. § 2241. *See Zalawadia,* 371 F.3d at 297 (citing *Spencer*, 523 U.S. at 7).

Even if the Court could exercise jurisdiction over the Petition, it would not be inclined to award Petitioner's prayer for relief. On an emergency basis, the Petition urges the Court to order Respondents to locate Petitioner in Mexico, return her to the United States, and release her into this country on her prior conditions of supervision. Doc. 1 at 27–28. None of these demands comport with the writ's purpose—granting relief from unlawful imprisonment or custody. *See Pierre*, 525 F.2d at 935-36.

Furthermore, to support her prayer—and to buttress her claim that procedural defects rendered her deportation improper—Petitioner relies almost exclusively on "the

3

persuasive authority" of *D.V.D. v. Department of Homeland Security*, No. CV 25-10676-BEM, 2025 WL 1453640 (D. Mass. May 21, 2025). *See* Doc. 1 ¶¶ 32–52. Although the district court in D.V.D. did grant a class-wide preliminary injunction for third-country removals, this injunction was stayed almost immediately by the Supreme Court. *Id.* In addition, the First Circuit granted an emergency stay of the district court's final judgment pending its appeal in March. *D.V.D. v. Department of Homeland Security*, Case No. 26-1212 (1st Cir.). Simply put, this Court is not inclined to follow reasoning embedded in a single out-of-circuit district court's ruling that has since been stayed pending an appeal, let alone extrapolate that reasoning to unwind the very result that removal proceedings are designed to effectuate—deportation.

* * *

In sum, because Petitioner was not in custody when she filed the Petition, the Court lacks jurisdiction under 8 U.S.C. § 2241 to adjudicate her claims. Petitioner remains free to pursue legal recourse through another avenue, such as via a Section 1983 claim. The current Petition, however, must be DISMISSED WITH PREJUDICE. All pending motions are DENIED AS MOOT. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 22nd of July, 2026.

_____
Nicholas J. Ganjei
United States District Judge